DECISION AND JOURNAL ENTRY
 INTRODUCTION {¶ 1} Terrell Talley was convicted of felonious assault for allegedly beating Brian Milici with sufficient force to cause serious facial injuries and brain damage. This Court affirms his conviction because it is not against the manifest weight of the evidence.
 FACTS {¶ 2} Brian Milici was severely beaten in the parking lot of the Summit Place Apartments in Wooster at about 11 p.m. on October 12, 2006. According to Divine Evans, Brian Milici struck a female during a party then ran out of the apartment. That female was a friend of Mr. Evans. Later, Mr. Evans was outside a nearby apartment when Mr. Milici and Elijah Vasel rode up on their bicycles. Mr. Evans and Mr. Milici soon began fighting. Mr. Evans testified that they were both punching each other until Mr. Talley attacked Mr. Milici from behind. According to Mr. Evans, Mr. Talley grabbed Mr. Milici around the waist and "slammed him on *Page 2 
the back of his head" onto the ground. Mr. Talley then "started kicking [Mr. Milici] in the head." According to Mr. Evans, after being thrown to the ground, Mr. Milici never again tried to stand up or fight back. Mr. Evans testified that his involvement in the altercation ended when Mr. Talley attacked Mr. Milici. After watching Mr. Talley kick Mr. Milici three to four times, Mr. Evans ran home for fear the police would be called.
 {¶ 3} Amber McClain lived near the scene of the crime. She testified that she was just going to sleep around eleven o'clock when she heard screaming in the parking lot. When she looked out her window, she saw three or four men pushing each other and starting to fight. Ms. McClain testified that by the time she got downstairs and opened her door, one man was lying on the ground and two others were kicking him. At that point, according to Ms. McClain, the man "wearing the white t-shirt and black sweat pants was stomping on [Mr. Milici] and then the other guy was kicking him." Specifically, Ms. McClain testified that the man wearing the white t-shirt was "[s]tomping [Mr. Milici's] head into the ground" with the bottom of his foot while the other man was kicking him in the stomach area.
 {¶ 4} After Ms. McClain began screaming at the men to stop, Mr. Evans approached her. Ms. McClain testified that she was familiar with Mr. Evans because he is her neighbor's cousin. According to Ms. McClain, Mr. Evans apologized to her for the attack and told her "it was because [Mr. Milici] punched a girl in the face." Meanwhile, the other man continued to kick Mr. Milici. Finally, Ms. McClain began screaming for someone to call the police, and both men ran away as other people approached the area.
 {¶ 5} When Ms. McClain checked on Mr. Milici, he was unresponsive and shaking and "there was blood everywhere coming out of his nose, mouth, head, ears, [and] eyes." Mr. Milici's medical records revealed that he was treated for a diffuse closed head injury, nose *Page 3 
fractures, and multiple facial injuries. His traumatic brain injury required a month's stay at Edwin Shaw Rehab where doctors helped him walk again and treated his other cognitive impairments including memory loss and speech problems.
 {¶ 6} Ms. McClain identified Mr. Talley as the man who was stomping on Mr. Milici's head while she spoke with Mr. Evans. Although she was not able to see the man's face while he was assaulting Mr. Milici, she recognized his clothing and believed him to be the same man who had been playing basketball with Mr. Evans earlier in the evening. Ms. McClain testified that, when she returned home that evening, between seven-thirty and eight o'clock, she had seen a neighbor girl playing basketball with two men. Ms. McClain recognized Mr. Evans, but did not know the other man. She, however, was able to get a good look at them at that time. Later, she recognized the clothing of the man with Mr. Evans at the time of the attack as the same as that worn by the man she had seen playing basketball with Mr. Evans earlier in the evening. She picked both Mr. Evans and Mr. Talley out of a photo-array line up. The neighbor girl, Brittany, also identified Mr. Evans and Mr. Talley as the men with whom she had played basketball on the evening of the assault. She described Mr. Talley's clothing as a grey, hooded sweatshirt, blue jeans, and brown Fila tennis shoes.
 {¶ 7} Mr. Talley's friend, Mary Dees, testified that Mr. Talley arrived at her apartment with Mr. Milici around six o'clock that evening. They left shortly thereafter, and Mr. Talley returned, alone, around nine o'clock. Ms. Dees testified that she was in the living room, near the only working door to the apartment, watching television until nearly eleven o'clock, when she fell asleep there. According to her, Mr. Talley spent the rest of the night in her apartment, upstairs watching a movie, until he fell asleep. She found him still asleep on her bed in the morning, wearing the same clothes he had been wearing when he arrived. Ms. Dees testified that *Page 4 
Mr. Talley was wearing a hooded sweatshirt, a big white t-shirt, dark blue jeans, and brown tennis shoes. Although she could not be certain of his whereabouts because she had fallen asleep, Ms. Dees testified that if Mr. Talley had left, she would have heard the front door. Mr. Talley did not offer any other witnesses.
 {¶ 8} Mr. Talley was charged with felonious assault under Section 2903.11 of the Ohio Revised Code. He was found guilty after a trial to the court. His only assigned error is that his conviction is against the manifest weight of the evidence. His conviction is affirmed because this Court cannot say the trier fact lost its way and created a manifest miscarriage of justice.
 MANIFEST WEIGHT {¶ 9} When a defendant argues that his conviction is contrary to the weight of the evidence, this court must review and weigh all the evidence that was before the trial court to determine whether the trier of fact lost its way and created a manifest miscarriage of justice.State v. Otten, 33 Ohio App. 3d 339, 340 (1986).
 {¶ 10} The parties agree that someone caused serious physical harm to Mr. Milici. See R.C. 2903.11(A)(1). The only question is the identity of the person who was kicking Mr. Milici while Mr. Evans was talking to Ms. McClain. Mr. Talley has argued that his conviction is contrary to the weight of the evidence because he had an alibi and Mr. Evans is the only witness who testified that Mr. Talley was present at the time of the attack. Mr. Talley has suggested that the evidence indicated that he was at Ms. Dees's residence at the time of the attack and that Elijah Vasel was with Mr. Evans at the scene of the crime.
 {¶ 11} Mr. Evans testified that, when the basketball game ended, he left, and did not see Mr. Talley again until the time of the attack. Mr. Evans, however, also testified that, when he first began fighting with Mr. Milici, both Mr. Vasel and Mr. Talley were present. There was no *Page 5 
evidence that Mr. Vasel was involved in the fight. Ms. McClain testified that, when she first looked out of her window, she may have seen four men. By the time she made her way outside, however, there were only three men present.
 {¶ 12} Ms. McClain twice testified that she was "certain" that the two men she saw playing basketball with Brittany earlier in the evening were the same two men who were kicking Mr. Milici that night. She identified Mr. Talley by his clothing, described as a white t-shirt and black sweatpants. Ms. Dees, Mr. Talley's own alibi witness, testified that Mr. Talley was wearing a hooded sweatshirt, a white t-shirt, blue jeans, and brown tennis shoes that night. Brittany gave a similar description. It is reasonable to believe that Ms. McClain mistook the "dark blue jeans," as Ms. Dees described them, for black sweatpants. Although Ms. McClain did not get a good look at the attacker's face, she did get a good look at the men playing basketball with Brittany. Not only did Ms. McClain pick Mr. Talley out of a photo line-up, Brittany also identified Mr. Talley as one of the men with whom she played basketball that night.
 {¶ 13} Mr. Talley's alibi witness testified that she was sleeping from before eleven o'clock that night until six o'clock the next morning. She admitted that she could not be sure Mr. Talley had stayed inside the apartment during that time. She was also a friend of Mr. Talley's and a potentially biased witness. Furthermore, Mr. Talley did not offer any reason why it would have been unreasonable for the trier of fact to believe the testimony offered by Mr. Evans. While the evidence seems to indicate that Mr. Evans was not entirely truthful regarding the extent of his involvement in the assault on Mr. Milici, it was reasonable for the trier of fact to discard parts of his testimony and find other parts credible.
 {¶ 14} Having reviewed and weighed the evidence that was before the trial court, this Court cannot say that the trier of fact lost its way and created a manifest miscarriage of justice by *Page 6 
believing the testimony of Mr. Evans and Ms. McClain, each of whom identified Mr. Talley as the man who stomped on Mr. Milici's head. Mr. Talley's assignment of error is overruled.
 CONCLUSION {¶ 15} Mr. Talley's conviction is not against the manifest weight of the evidence. The judgment of the Summit County Common Pleas Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to appellant.
 CARR, P. J. WHITMORE, J. CONCUR *Page 1